UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GABRIELA MOLINA** | **CIVIL ACTION NO: 22-CV-4744** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA** | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

<u>ORDER AND REASONS</u>

Before the Court is a Motion to Seal filed by Defendant Unum Life Insurance Company of America ("Unum"). R. Doc. 11. Unum seeks to seal three exhibits, totaling 2,267 pages, on the grounds that the documents contain Molina's personal medical information. For the reasons assigned below, Unum's motion is **GRANTED IN PART** and **DENIED IN PART**.

LAW AND ANALYSIS

"Judicial records belong to the American people; they are public, not private, documents." *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021)) (internal quotations omitted). "And the public's right of access to judicial records is a fundamental element of the rule of law." *Id.* (internal quotations and citations omitted). "This right, however, 'is not absolute.'" *Cloud v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, No. 20-CV-1277, 2022 WL 1203099, at *1 (N.D. Tex. Apr. 21, 2022) (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). District courts have discretion to seal judicial records, "and in exercising such discretion must balance 'the public's common law right of access against the interests favoring nondisclosure.'" *Id.* (quoting *Van Waeyenberghe*, 990 F.2d at 848). "The need to protect sensitive personal and medical information is among those that courts have found to justify nondisclosure." *Williams v. Luminator Holdings, LP*, No. 12-CV-2975, 2012 WL 5878370, at *2 (N.D. Tex. Nov. 21, 2012)

(collecting cases); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("HIPAA generally provides for confidentiality of medical records.").

After a careful line-by-line review of all relevant exhibits, the Court finds the majority of the pages, but not all, justify sealing.  Many of the pages Unum seeks to seal consist of medical charts, lists of prescribed medications, physician progress notes**,** and notes by Unum concerning the status of Molina's condition, medical care, and other information relevant to her claim.  These documents include deeply personal information that detail Molina's illness, treatment, and overall health history.  Molina has a substantial interest in maintaining the privacy of her medical history, and the Court finds, like a number of other courts have, that this interest outweighs the public's right of access.  *See, e.g., Cloud*, 2022 WL 1203099, at *1 (disclosure of plaintiff's medical records would "undermine[] the substantial interest individuals have in their sensitive medical information"); *Lima v. Wagner*, No. 16-CV-74, 2018 WL 11198080, at *2 (S.D. Tex. Oct. 24, 2018) (sealing "exhibits contain[ing] medical records and clinic notes [because] [t]he public has no need for access to documents that describe [Plaintiff's] mental health condition"); *Williams v. Luminator Holdings, LP*, No. 12-CV-2975, 2012 WL 5878370, at *2 (N.D. Tex. Nov. 21, 2012) ("The need to protect sensitive personal and medical information is among those that courts have found to justify nondisclosure."); *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, 1303-04 (10th Cir. 2023) (employing a similar standard to the Fifth Circuit and finding the prelitigation record, despite consisting of several volumes, should be sealed because it "consist[ed] largely of [plaintiff's] medical records, including her name, birthdate, and social security, as well as sensitive information concerning medical incidents").  Therefore, all documents containing medical information warrant sealing.

Still, not all of the documents Unum seeks to seal contain Molina's private medical information. Exhibit 1 is a total of 800 pages, and while the majority of those pages include private medical information, pages 108-153 do not. These pages are merely a copy of the policy under which Molina seeks benefits. Notably, the policy has been publicly filed into the record and, even if it had not, there is nothing about the existence of the policy under which Molina was insured that is sensitive enough to warrant nondisclosure. It does not contain any information—let alone private medical information—about Molina other than her dates of coverage. Nor do pages 1-10, 21-27, or 881-888 from Exhibit 2 warrant sealing. These pages are copies of the appellate brief that Molina, through her attorney, submitted after Unum terminated her benefits. The appellate brief is comprised entirely of legal arguments and excerpts from court decisions. The appellate brief does not disclose personal details about Molina's medical condition or history. Because these documents do not contain private medical information, and because Unum does not raise separate bases to seal these documents, the Court finds whatever privacy interest—if any—Molina has in pages 108-153 from Exhibit 1 and pages 1-10, 21-27, and 881-888 from Exhibit 2 is outweighed by the public's right to access.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Unum's Motion to Seal (Record Document 11) is **GRANTED IN PART** and **DENIED IN PART**.

The Clerk's Office is directed to file Exhibit 1 (Record Document 11-4, attachment 1) into the record under seal **EXCEPT** for pages 108 through 153.

The Clerk's Office is directed to file Exhibit 2 (Record Document 11-4, attachment 2) into the record under seal **EXCEPT** for pages 1-10, 21-27, and 881-888.

The Clerk's Office is directed to file the entirety of Exhibit 3 (Record Document 11-4, attachment 3) into the record under seal.

New Orleans, Louisiana, this 27th day of February 2024.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**